924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Akhlaq A. CHAWLA, Plaintiff-Appellant,
v.
Charles McCAUSLAND, Lt. Gen., Director, Defense Logistics
Agency, Defendant-Appellee.
 No. 90-3680.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1991.
 
 S.D. Ohio, No. 90-0094; George C. Smith, J.
 S.D. Ohio
 AFFIRMED.
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals the district court's order dismissing his employment discrimination action as untimely. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Akhlaq Chawla sought reinstatement, back pay, monetary damages and other relief in this employment discrimination suit filed under Title VII, 42 U.S.C. Sec. 2000e-16(c). He alleged that defendant employer discriminated against him on the basis of religion and national origin. Chawla first pursued administrative remedies. He received a "Notice of Final Agency Decision" on January 17, 1989, advising him of his right to file a civil action "in an appropriate U.S. District Court within 30 days of receipt of the final agency decision."
 
 
 3
 Upon review, we conclude that the district court properly dismissed the complaint as untimely. The statute provides that a plaintiff may bring a civil action within thirty days of receipt of a notice of final agency decision. 42 U.S.C. Sec. 2000e-16(c). Chawla received the notice on January 17, 1989. He did not file his complaint in the U.S. District Court for the Southern District of Ohio until January 25, 1990, more than one year later.
 
 
 4
 Moreover, Chawla was not entitled to equitable tolling of the time limit. While the concept of equitable tolling may be applied to filing requirements in Title VII cases, Chawla did not demonstrate that he was entitled to such relief. Chawla's remaining arguments lack merit.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.